UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC C. RUIZ,

    Plaintiff,

v.

NANCY A. BERRYHILL,

    Defendant.

CASE NO. C17-0545JLR

ORDER ON ATTORNEY FEES

## I. INTRODUCTION

This matter comes before the court on Plaintiff Eric C. Ruiz's motion for attorney fees and expenses. (Mot. (Dkt. # 16).) Defendant Nancy A. Berryhill ("the Commissioner" or "the Government") opposes Mr. Ruiz's motion. (Resp. (Dkt. # 18).) Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the court GRANTS Mr. Ruiz's motion. For the reasons stated below, the court awards Mr. Ruiz $10,980.88 in attorney fees and $12.78 in expenses.

//

## II. BACKGROUND

On November 13, 2017, the court adopted the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, and reversed and remanded this matter to the Social Security administration for an immediate calculation and award of benefits. (11/13/17 Order (Dkt. # 14).) On February 12, 2018, Mr. Ruiz filed the instant motion, requesting attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412(a)-(b), 2412(d)(1)(A). (*See* Mot. at 1-2.) Under § 2412(b), Mr. Ruiz seeks an award of $27,900.00 based on 55.8 hours of work at a market rate of $500.00 per hour. (*Id.* at 1.) Alternatively, Mr. Ruiz seeks an award under § 2412(d) of $10.980.88 based on 55.8 hours of work at the statutory rate of $196.79 per hour. (*Id.* at 2.) The Commissioner responds that Mr. Ruiz's request should be denied in its entirety because the Government's actions in this case were substantially justified. (*See* Resp.) The court now addresses the motion.

## III. ANALYSIS

Mr. Ruiz first seeks an award of attorney fees under 28 U.S.C. § 2412(b). To achieve such a recovery, the court must find that the Government acted in "bad faith." *See Brown v. Sullivan*, 916 F.2d 492, 495 (9th Cir. 1990) (citing *Barry v. Bowen*, 825 F.2d 1324, 1334 (9th Cir. 1982)). Mr. Ruiz alleges that the Government acted in bad faith when it disregarded then-Chief Judge Marsha Pechman's order to evaluate Mr. Ruiz's clinical diagnosis of depression. (Mot. at 9-10; *see also* Admin. Record ("AR") at 1275.) Mr. Ruiz also alleges a second act of bad faith when the Commissioner made a "cursory" argument on appeal. (Mot. at 10.)

Alternatively, Mr. Ruiz seeks an award under § 2412(d). To achieve this recovery, Mr. Ruiz must be a prevailing party; however, recovery is barred if the position of the United States was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A). The Government's position must be substantially justified during both the underlying agency action and any subsequent litigation. *See Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1084-85 (9th Cir. 2002). "Substantial justification" in this context means "justification to a degree that could satisfy a reasonable person." *Id.* at 1084 (internal quotation marks omitted) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Government bears the burden of proving substantial justification in both forums. *See* 28 U.S.C. § 2412(d)(1)(B).

The court has reviewed the administrative record in this matter and considered the contents of the docket, including the briefing related to the motion for attorney fees. The court finds that the Government did not act in bad faith, vexatiously, or for oppressive reasons. Mr. Ruiz presented a complex disability analysis. The results of his IQ tests were mixed, and evidence was presented concerning diagnosed malingering. (*See* AR at 1248.) There were diagnoses of cognitive impairment and disputes regarding whether Mr. Ruiz met the requirements of Listing § 12.05(c). (*See, e.g., id.* at 1283, 1420, 1491, 1495-96.) Thus, contrary to Mr. Ruiz's arguments (*see* Mot. at 2), this was not a simple, straightforward case. Nevertheless, the court finds that the position of the United States was not substantially justified, such that an award of fees and costs is unwarranted. The Government has failed to meet its burden of proving that its actions were justified to a degree that could satisfy a reasonable person. (*See* Resp.)

Based on its findings, the court GRANTS Mr. Ruiz's motion for attorney fees, costs, and expenses based on 55.8 hours worked at the EAJA hourly rate of $196.79, for a total of $10,980.88 in fees and $12.78 in expenses. This award shall be delivered to Mr. Ruiz's counsel, George Andre Fields, Esq. The Commissioner shall contact the Department of Treasury after this order is entered to determine if the EAJA award is subject to any offset. If the Department of the Treasury verifies to the Office of General Counsel that Mr. Ruiz does not owe a debt, the Government will honor the assignment of the EAJA award and pay the award directly to Mr. Fields. If there is an offset, any remainder shall be made payable to Mr. Ruiz, based on the Department of the Treasury's Offset Program and standard practices, and the payment shall be directed to Mr. Fields at P.O. Box 231024, Sacramento, California 95823.

Dated this 9th day of April, 2018.

JAMES L. ROBART
United States District Judge